CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 09 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY SCOTT BACHMAN, | ) | Civil Case No. 7:11cv00564 |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| KENNETH T. CUCCINELLI, II, | ) | By: Samuel G. Wilson |
|    Respondent. | ) | United States District Judge |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 by Jeffrey Scott Bachman challenging his conviction in the Circuit Court of Greene County, Virginia of driving under the influence, third offense, and driving on a suspended license, third offense. Bachman cryptically claims violations of his Fifth and Sixth Amendment rights. His petition contains no specifics or particulars as to how those rights were violated or the facts that support his claims. Instead, Bachman's petition simply says that the court should refer to a "transcript addendum" which he notes he will forward within a week's time. The court dismisses the petition without prejudice.

### I.

Habeas Corpus Rule 2(c) provides that a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Rules Governing Section 2254 Cases, Rule 2 advisory committee's note at subd. (c) ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Rules Governing Section 2254 Cases, Rule 4 advisory committee's note ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'") As the Supreme Court has noted:

> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.' § 2243. Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must 'address the allegations in the petition.' Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 656 (2005).

Here, the court can discern nothing other than that Bachman believes his Fifth and Sixth Amendment rights have been violated in some unspecified way. His barren petition serves no significant legal purpose whatsoever. It supports no relief, there is nothing to which the state can be ordered to respond, and any amendment would not relate back for statute of limitations purposes. See Mayle, 545 U.S. at 644; United States v. Pittman, 209 F.3d 314 (4th Cir. 2000). Accordingly, the court will dismiss his petition without prejudice to permit him to file a petition in conformity with Rule 2(c) specifying all the grounds for relief available to him and the facts supporting each ground.

## II.

For the reasons stated, the court dismisses Bachman's petition without prejudice.

ENTER: This 9th day of December, 2011.

United States District Judge